# PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name  YOUNG-EMMETT                    Jr.
      (Last)           (First)        (Initial)

Prisoner Number  F-14820

Institutional Address  Mule Creek State Prison Ione CA P.O. Box 409000 95640-9000

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

EMMETT YOUNG JUNIOR
(Enter the full name of plaintiff in this action.)

vs.

R. SUBIA, WARDEN,

(Enter the full name of respondent(s) or jailor in this action)

Case No. _____
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

Read Comments Carefully Before Filling In

### When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were **not** convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

**Who to Name as Respondent**

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

   (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

   <u>COUNTY OF SANTA CLARA</u>        <u>191 N.First St, San Jose CA 95113</u>
   Court                                Location

   (b) Case number, if known <u>CC595039</u>

   (c) Date and terms of sentence <u>January 12, 2006, 25 years to LIFE</u>

   (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes <u>X</u>    No ___

   Where?

   Name of Institution: <u>Mule Creek State Prison</u>

   Address: <u>P.O. Box 409000, Ione CA 95640-9000</u>

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

   <u>PC §§ 288, subd(c)(1),664</u>

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:    Yes __X__    No ____

    Preliminary Hearing:    Yes __X__    No ____

    Motion to Suppress:    Yes __X__    No ____

4. How did you plead?

    Guilty ____    Not Guilty __X__    Nolo Contendere ____

    Any other plea (specify) __N/A__

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone ____    Judge alone on a transcript ____

6. Did you testify at your trial?    Yes ____    No __X__

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment    Yes __x__    No ____

    (b)    Preliminary hearing    Yes __X__    No ____

    (c)    Time of plea    Yes __X__    No ____

    (d)    Trial    Yes __x__    No ____

    (e)    Sentencing    Yes __X__    No ____

    (f)    Appeal    Yes __X__    No ____

    (g)    Other post-conviction proceeding    Yes ____    No __X__

8. Did you appeal your conviction?    Yes __X__    No ____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal    Yes __X__    No ____

        Year: __2006__    Result: __Denied__

        Supreme Court of California    Yes __X__    No ____

        Year: __2007__    Result: __Denied__

        Any other court    Yes ____    No __X__

        Year: __N/A__    Result: __N/A__

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

petition?                                               Yes _X_   No____

    (c)   Was there an opinion?                    Yes _X_   No____

    (d)   Did you seek permission to file a late appeal under Rule 31(a)?

                                                                                                                                           Yes____   No _X_

If you did, give the name of the court and the result:

N/A

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes____   No _X_

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

    (a)   If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

          I.   Name of Court: ____N/A_____

              Type of Proceeding: _____

              Grounds raised (Be brief but specific):

                  a._____

                  b._____

                  c._____

                  d._____

              Result: _____ Date of Result: _____

          II.  Name of Court: ____N/A_____

              Type of Proceeding: _____

              Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS     - 4 -

| | | |
|---|---|---|
|   |   | a._____ |
|   |   | b._____ |
|   |   | c._____ |
|   |   | d._____ |
|   |   | Result:_____ Date of Result:_____ |
|   | III. | Name of Court: ____N/A_____ |
|   |   | Type of Proceeding:_____ |
|   |   | Grounds raised (Be brief but specific): |
|   |   | a._____ |
|   |   | b._____ |
|   |   | c._____ |
|   |   | d._____ |
|   |   | Result:_____ Date of Result:_____ |
|   | IV. | Name of Court: ____N/A_____ |
|   |   | Type of Proceeding:_____ |
|   |   | Grounds raised (Be brief but specific): |
|   |   | a._____ |
|   |   | b._____ |
|   |   | c._____ |
|   |   | d._____ |
|   |   | Result:_____ Date of Result:_____ |

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

                              Yes____   No__X_

Name and location of court: ___N/A_____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1 need more space. Answer the same questions for each claim.

2 [Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: (SEE ATTACHED)

Supporting Facts: (SEE ATTACHED)

Claim Two: (SEE ATTACHED)

Supporting Facts: (SEE ATTACHED)

Claim Three: (SEE ATTACHED)

Supporting Facts: (SEE ATTACHED)

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

N/A

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4  _____(SEE ATTACHED)_____
5  _____
6  _____

7  Do you have an attorney for this petition?                Yes____    No  X
8  If you do, give the name and address of your attorney:
9  _____N/A_____

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  3-10-08                           Emmett Young
14           Date                                     Signature of Petitioner

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS         - 7 -

Emmett Young Junior, # F14820
Mule Creek State Prison
P.O. Box 409000-9000
Ione California 95640-9000
C-14-105

Petitioner Pro-Se

c   IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMMETT YOUNG JUNIOR,            )   No:_____
          Petitioner.           )
                                )
                                )
     Vs                         )
                                )
                                )
                                )
R.SUBIA, WARDEN.                )
          Respondent.           )
_____/

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF FEDERAL WRIT**

A jury convicted petitioner Emmett Young Junior, (hereafter petitioner), of attempted lewd act on a child aged 14 or 15 while being at least 10 years older. Thereafter, the trial court found true allegations that petitioner had suffered six prior convictions for purposes of the Three Strikes Law. It sentenced petitioner to 25 years to life in prison. On appeal, petitioner contends that the trial court erred by (1) failing to instruct the jury on the lesser-related offence of misdemeanor child molestation, and (2) admitting over objection evidence of a prior sexual offence.

## STATEMENT OF FACTS

Petitioner, 56 years old, had dated the victim's mother for over four years. He saw the victim, 14 years old, at a school bus stop while driving in his car. He stopped and offered the victim a ride to school. She accepted. Petitioner told her that he was going to Santa Cruz. He asked her if there was anything that she wanted to do. The victim replied that she wanted to drive the car in an empty parking lot. Petitioner replied that he knew of a place in Santa Cruz where she could drive. Petitioner drove off. He offered her marijuana, but she declined the offer. Petitioner drove to a liquor store and asked her if she wanted anything. She asked for Hpnotiq, an alcoholic beverage that she had heard about from videos. He went into the store and returned with a bottle of Hpnotiq and two beers. As they drove on the freeway, she took a sip of the Hpnotiq but put the cap back on the bottle because she did not like the beverage. Petitioner encouraged her to continue

(1)

drinking. She therefore had a couple more sips. At some point, petitioner left the freeway and allowed the victim to drive on a two-lane street. Petitioner resumed driving when traffic appeared on the street and drove to Highway One towards San Francisco. She then resumed driving and drove towards San Francisco and back for about an hour. Petitioner then resumed driving and drove to a McDonald's restaurant. The two went inside and ordered food. They took the food to the car. Petitioner encouraged the victim to pour the Hpnotiq into her soft drink. she did so. She sipped the drink but did not like it. Her mother then called petitioner on his cell phone. Petitioner conversed with the mother but did not reveal that he had the victim with him After the call, petitioner drove towards San Jose. He asked the victim whether she had fun. He asked the victim whether she would do something for him, grabbed his penis, and said that he needed, "this played with." The victim said "no." Petitioner lamented about what he had done for her and complained that she should do something for him. He again asked the victim to play with him. the victim again declined. Petitioner continued driving to San Jose. While stopped at a stop light near victim's home, petitione reached his hand across the victim's chest as if trying to shake the victim's hand and asked whether the victim was going to tell anyone. The victim said,"no." She declined to shake petitioner's hand because, in extending his hand, petitioner had rubbed the back of his hand across her breasts. In retracting his hand, petitioner again rubbed the back of his hand across the victim's breasts.

(2)

## ARGUMENT

**TRIAL COURT VIOLATED PETITIONER'S SIXTH AMENDMENT RIGHTS TO TRIAL BY JURY AND TO COMPULSORY PROCESS AND HIS FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND A FAIR TRIAL BY REFUSING THE DEFENSE REQUEST TO INSTRUCT ON THE DEFENSE THEORY THAT PETITIONER WAS GUILTY AT MOST OF MISDEMEANOR CHILD MOLESTATION**

Petitioner demonstrated that the trial court violated his federal constitutional rights to trial by jury, compulsory process, due process and a fair trial by refusing the defense request to instruct on the defense theory that petitioner was guilty at most of misdemeanor child molestation. Petitioner relies on <u>Sshmuck V United States</u> (1989) 489 U.S. 705, and <u>Hopkins V Reeves</u> (1998) 524 U.S. 88 which clearly addresses the issue raised by petitioner: the petitioner's constitutional right to present a defense theory encompasses the right to jury instruction on the theory. (See <u>Mathews V United States</u> 485 U.S. 58, 63 Quoting "

> "[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor"

The analysis relied on weighing the different rights and burdens of the prosecution and defense so that a fair trial is produced for both sides. Yet petitioner's right to present a defense was not explicitly explored. As a result, this court must analyze the competing constitutional rights at stake, and because this court may conduct the analysis which the trial court failed to conduct, and conclude that petitioner's right to present a defense encompassed a right to have the jury instructed on the elements of misdemeanor child molestation.

The argument that a defendant stating he or she is guilty of

(3)

a lesser related offense is not a defense at all,(has no merit.)

More importantly, the Federal Courts have recognized that defendants may present a defense theory that the defendant committed not crime (A) but crime (B); in fact, this is the logic used to justify giving instruction on a lesser included offense.

Furthermore, the State's reliance on <u>Gilmore V Taylor</u> (1993) 508 U.S. 333, to support the position that the United States Supreme Court has never recognized "the constitutional right to the jury's consideration of the defense theory" **is misplaced**. In <u>Gilmore,</u> the asserted error was that the trial court had read the jury instructions regarding murder prior to those describing the elements of voluntary manslaughter without informing the jury it could not find defendant guilty of murder without first finding defendant did not posses the mitigating mental state associated with voluntary manslaughter.

The subtle state law instructional error cannot be compared to the present case, in which the trial court completely foreclosed the possibility that the jury consider petitioner guilty of only misdemeanor child molestation. The trial court's refusal to instruct on this defense theory was an error of federal constitutional proportion, not a mere violation of state law. See <u>United States V Escobar de Bright</u>( 9th Cir. 1984) 742 F.2d 1196, 1198, 1201, 1202.)

As petitioner demonstrated, the jury in this case was presented with an unconstitutional all-or-nothing choice between conviction and acquittal on the attempted lewd act charge, Petitioner's constitutional rights to a jury instruction on his defense theory to that charge was violated.

(4)

Accordingly, petitioner's conviction must be reversed because the state court's decision was contrary to and involved an unreasonable application of federal law clearly established by the Supreme Court of The United States as well as based on an unreasonable determination of facts in light of the evidence presented. See <u>Williams V Taylor</u>, 529 U.S. 362, 364-368 (2000)

### TRIAL COURT ERRED AND DEPRIVED PETITIONER OF HIS FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND FAIR TRIAL BY ADMITTING CODE SECTION 1108 EVIDENCE AGAINST PETITIONER

The trial court erred and derived petitioner of his Fourteenth Amendment rights to due process and a fair trial by admitting Evidence Code section 1108 evidence that was more inflammatory than the charged offenses. Before trial, petitioner moved to exclude the section 1108 evidence which the prosecutor sought to admit against him on several grounds, including the ground asserted on appeal, that the prior offenses were violent and inflammatory, and likely to inflame the jury against him. Of the four prior incidents which the prosecution originally sought to admit, the prosecutor ultimately offered to present evidence on one prior sexual assault, the 1981 conviction involving LeeAnne Doe, through her live testimony. petitioner objected this testimony would be more prejudicial than probative under section 352. The court found the incident involving LeeAnne Doe sufficiently similar to the alleged incident involving Keana because petitioner had accosted LeeAnne Doe in a parking lot, taken her in a car, driven her toward Santa Cruz and assaulted her on the way. The court also found the incident probative of

(5)

petitioner's intent, motive and the possible existence of a common scheme. The court found the incident would not unduly prejudicial because it would restrict this evidence of the sexual assault and exclude evidence of the attempted murder or other aspects of the assault.

Petitioner objection to the documentary evidence is based on his right to confront witnesses and on the argument that without hearing LeeAnne Doe's testimony, the jury would have no way of evaluating the similarity or dissimilarity between the two offenses. Petitioner should not have to choose between the prejudice associated with admission of documentary evidence and the prejudice associated with testimony when evidence of these prior convictions should not have been admitted at all.

Section 1108 provides, in relevant part, as follows:

> "[i]n a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352'

This court decided section 1108 satisfies Federal Due Process because the trial court retains the discretion to exclude overly prejudicial prior acts pursuant to section 352, a procedural safeguard. The trial court erred and abused it's discretion by admitting the section 1108 evidence contrary to the following:

> Its nature, relevance, and possible remoteness, degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission........

Because of the Due Process protections described and that

(6)

the court admitted evidence of a prior incident far more inflammatory than the current charges charges, petitioner's Fourteenth Amendment rights to due process and a fair trial are violated.

Petitioner relies on <u>Mckinney V Rees</u>(9th Cir. 1993) 993 F.2d 1378[admission of inflammatory, prejudicial evidence a due process violation] See also<u>Estelle V Mcguire (1991) 502 U.S. 62,</u> 68-70 [court considered the issue without deciding it].

Erroneous admission of other crimes evidence is prejudicial if it appears reasonably probable that, absent the error, a result more favorable to the defendant would have been reached" The same standard applies to the erroneous admission of evidence under section 1108 that has occurred here. The arbitrary deprivation of purely state law entitlement may violate the federal Due Process Clause of the Fourteenth Amendment <u>See Hicks V Oklahoma</u> (1980) 447 U.S. 343 100 S.Ct. 2227. <u>Hewitt V Helms</u> (1983) 459 U.S. 460 466 103 S.Ct 864. This principle extends to judicial holdings.See <u>Green V Catoe</u> (9th Cir 2000) 220 F.3d 220. In the instant case it is precisely the kind of clear misapplication of the state law that denied petitioner his federal due process rights. And where, as here, the admission of prejudicial evidence in violation of section 352 is sufficiently inflammatory that it prevents a fair trial, due process is again offended. See <u>Duncan V Henry</u> (1995) 513 U.S. 364 366. 115 S.Ct 1394. <u>Estell V Mcguire</u> (1991) 502 U.S. 62, 75 12 S.Ct 465.<u>As a result, unless petitioner's convictions are reversed, he has suffered federal fair trial and due process violations.</u>

(7)

Wherefore, the state court's decision was contrary to clearly established federal law of The Supreme court of The United States as well as an unreasonable determination of the facts in light of the evidence presented <u>Williams V Taylor,</u> 529 U.S. 362, 364-368 (2000)

3-10-08
DATE

RESPECTFULLY SUBMITTED

*Emmett Young*
Emmett Young Junior
Mule Creek State Prison
P.O. Box 409000-9000
Ione CA 95640-9000
#F-14820 C-14-105

Petitioner Pro-Se

(8)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMMETT YOUNG JUNIOR

Plaintiff or Petitioner

v.

R. SUBIA, WARDEN.

Case Number:

Defendant or Respondent

_____/

I hereby certify that on 3/10/2008 , 20__ , I served a copy

of the attached federal Habeas Corpus ,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope

in the United States Mail at Mule Creek State Prison Ione CA P.O. Box 409000 9000 95640-9000.

(List Name and Address of Each Defendant or Attorney Served)

Clerk Of The United States District Court for The Northern District of California, 450 Golden Gate Avenue Box 36060, San Francisco, CA 94120.

I declare under penalty of perjury that the foregoing is true and correct.

*Emmett Young* (Name of Person Completing Service)

Emmett Young # F-14820
M.C.S.P. - 14-105-u
P.O. Box 409060
Ione, CA 95640-9000

RECEIVED
MAR 14 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk Of The United States District
Court for The Northern District of
California, 450 Golden Gate Avenue
Box 36060, San Francisco, CA. 94102