IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT YOUNG, JR., | No. C 08-1481 CW (PR) |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| R. SUBIA, Warden, | |
| Respondent. | |
| _____ / | |

INTRODUCTION

Petitioner Emmett Young, a state prisoner incarcerated at Mule Creek State Prison in Ione, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court.  Doc. No. 1.

On August 22, 2008, the Court issued an Order to Show Cause why the writ should not be granted.  Doc. No. 5.  On January 15, 2009, Respondent filed an Answer.  Doc. No. 8.  Petitioner filed a Traverse on March 12, 2009.  Doc. No. 9.

Having considered all of the papers filed by the parties, the Court DENIES the Petition.

BACKGROUND

The state appellate court summarized the facts of the case as follows:

> [Petitioner], 56 years old, had dated the victim's mother for over four years. He saw the victim, 14 years old, at a school bus stop while driving in his car. He stopped and offered the victim a ride to school. The victim accepted. [Petitioner] told her that he was going to Santa Cruz. He asked her if there was anything that she wanted to do. The victim replied that she wanted to drive the car in an empty parking lot. [Petitioner] replied that he knew of a place in Santa Cruz where she could drive. [Petitioner] drove off. He offered the victim marijuana, but she declined the offer. [Petitioner] drove to a liquor store and asked the victim if she wanted anything. The victim asked for Hpnotiq, an alcoholic beverage that she had heard about from videos. [Petitioner] went into the store and returned with a bottle of Hpnotiq and two beers. As they drove on the freeway, the victim took a sip of the Hpnotiq but put the cap back on the bottle because she did not like the beverage. [Petitioner] encouraged the victim to continue drinking. She therefore had a couple more sips. At some point,[Petitioner] left the freeway and allowed the victim to drive on a two-lane street. [Petitioner] resumed driving when traffic appeared on the street and drove to Highway One towards San Francisco. The victim then resumed driving and drove toward San Francisco and back for about an hour. [Petitioner] resumed driving and drove to a McDonald's restaurant. The two went inside and ordered food. They took the food in the car. [Petitioner] encouraged the victim to pour the Hpnotiq into the victim's soft drink. The victim did so. She sipped the drink but did not like it. Her mother then called [Petitioner] on his cell phone. [Petitioner] conversed with the mother but did not reveal that he had the victim with him. After the call, [Petitioner] drove toward San Jose. He asked the victim whether she had had fun. The victim replied affirmatively. [Petitioner] then offered that he had not had fun. He asked the victim whether she would do something for him, grabbed his penis, and said that he needed, "this played with." The victim said, "no." [Petitioner] lamented about what he had done for the victim and complained that the victim would not do something for him. He again asked the victim to play with him. The victim again declined. [Petitioner] continued driving to San Jose. While stopped at a stop

2

> light near the victim's home, [Petitioner] reached his hand across the victim's chest as if trying to shake the victim's hand and asked whether the victim was going to tell anyone. The victim said "no." She declined to shake [Petitioner's] hand because, in extending his hand, [Petitioner] had rubbed the back of his hand across her breasts. In retracting his hand, [Petitioner] again rubbed the back of his hand across the victim's breasts.

Doc. No. 8-2, Ex. 6 at 1-3 (footnote omitted).

A jury convicted Petitioner of an attempted lewd act on a child aged fourteen or fifteen while being at least ten years older. Thereafter, the trial court found true allegations that Petitioner had suffered six prior convictions for purposes of the Three Strikes law and sentenced him to twenty-five years to life in state prison. Doc. No. 8-2, Ex. 6 at 1. After the state appellate court affirmed the judgment of the trial court, Petitioner filed a petition for review in the California Supreme Court, which the court denied on April 11, 2007. Doc. No. 8-2, Ex. 8. Petitioner sought federal habeas relief in this Court on March 17, 2008. Doc. No. 1.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, (AEDPA), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Contrary to" requires a finding that the state court's conclusion of law is opposite Supreme Court precedent or the state court's decision differs from Supreme Court precedent on a set of materially indistinguishable facts.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court "unreasonably appli[es]" federal law if it identifies the correct governing legal principle from Supreme Court precedent, "but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams, 529 U.S. at 411.

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) rests in the holdings (as opposed to the dicta) of the Supreme Court as of the

4

time of the state court decision. Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

The decision to which 28 U.S.C. § 2254 applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Norris v. Morgan, 622 F.3d 1276, 1285 (9th Cir. 2010); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). The last reasoned decision constitutes an "adjudication on the merits" for purposes of 28 U.S.C. § 2254(d) if the court resolved the rights of the petitioner based on the substance of the claim, rather than on the basis of a procedural or other rule that precluded the state court from reviewing the merits. Barker, 423 F.3d at 1092.

## DISCUSSION

Petitioner seeks habeas relief under 28 U.S.C. § 2254 based on two claims: (1) the trial court violated Petitioner's constitutional rights "by refusing the defense request to instruct on the defense theory that petitioner was guilty at most of misdemeanor child molestation," a lesser-related offense; and (2) the trial court violated Petitioner's due process rights by admitting evidence of prior uncharged sexual offenses pursuant to California Evidence Code section 1108. Doc. No. 1 at 11-13. Both claims are discussed below.

I.  Alleged Sixth and Fourteenth Amendment Violation Resulting from Denial of Defense Request for Jury Instruction Regarding Lesser-Related Offense

Petitioner claims he is entitled to federal habeas relief because the trial court's refusal to instruct the jury on the

5

lesser-related offense of misdemeanor child molestation violated his Sixth and Fourteenth amendment rights to due process and to present a defense. The Court disagrees.

The failure of a state trial court to instruct on lesser-related offenses does not present a federal constitutional claim on which federal habeas relief may be afforded. See Hopkins v. Reeves, 524 U.S. 88, 90-91 (1998). Indeed, the United States Supreme Court has held only that a trial court must instruct on a lesser offense where the case involved a capital offense, and the lesser offense was included rather than merely related. See Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980). That is not the case here.

Because there is no clearly established federal law that a criminal defendant facing non-capital charges is entitled to instructions on a lesser-related offense, Petitioner is not entitled to relief on his claim that the trial court's refusal of the requested instruction on misdemeanor child molestation violated his right to due process. See 28 U.S.C. § 2254(d); Hopkins, 524 U.S. at 90-91; Beck, 447 U.S. at 638 n.14.

The high court has, however, clearly established the general rule that the Constitution mandates that "criminal defendants be afforded a meaningful opportunity to present a complete defense." Clark v. Brown, 450 F.3d 898, 904 (9th Cir. 2006) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)). Therefore, a criminal defendant is entitled to adequate instructions on the defense theory of the case. See Conde v. Henry, 198 F.3d 734, 739 (9th Cir. 2000). It is this general right to present a defense on

6

which Petitioner relies in claiming a violation of his constitutional right with respect to the trial court's refusal of the requested defense instruction.

But entitlement to adequate instructions encompasses only defense theories that are "legally cognizable." United States v. Boulware, 558 F.3d 971, 974 (9th Cir. 2009) (internal quotations omitted). Here, the state appellate court observed: "Establishing the commission of a lesser-related offense does not negate any element of a charged offense as would a true defense." Doc. No. 8-2, Ex. 6 at 5. The Court agrees. Finding Petitioner guilty of misdemeanor child molestation would neither preclude, justify nor excuse his commission of the charged offense of an attempted lewd act on a child aged fourteen or fifteen while being at least ten years older. The state appellate court's determination that Petitioner's right to present a complete defense was not impaired by the trial court's refusal to instruct on a lesser-related offense, therefore, was not contrary to, or an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d). Accordingly, Petitioner's claim on this particular ground is DENIED.

II. Alleged Due Process Violation Resulting from Admission of Evidence of Prior Uncharged Sexual Offenses

Petitioner claims the trial court violated his Fourteenth Amendment right to due process by admitting evidence of uncharged sexual conduct pursuant to California Evidence Code section 1108.[1]

---

[1] California Evidence Code, section 1108, subdivision (a) provides: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101,

7

Doc. No. 1 at 13.  Respondent denies that any constitutional violation occurred and further argues that the claim is nonreviewable because it is unexhausted.  Doc. No. 8 at 14.

The state appellate court provided the following background regarding this claim:

> During in limine proceedings, the People sought to admit and [Petitioner] sought to exclude evidence of [Petitioner's] prior sex offense pursuant to Evidence Code section 1108 . . . .  The proffered evidence . . . reflect[ed] a 1973 conviction for rape and a 1981 conviction for two counts of rape and one count of oral copulation.
>
> . . . .
>
> [Petitioner] objected on the basis of Evidence Code section 352 by (1) arguing that the priors were dissimilar to the current offenses, (2) disputing that he committed the priors, (3) arguing that the priors were remote, and (4) arguing that proof of the priors would likely inflame the jury.  As to the latter point, he urged that the current charges did not involve rape or force.

---

if the evidence is not inadmissible pursuant to Section 352."  Evidence Code section 1101 provides:  "(a)  Except as provided in this section and in Sections 1102, 1103, 1108, and 1109, evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion.
(b)  Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act.
(c)  Nothing in this section affects the admissibility of evidence offered to support or attack the credibility of a witness."  Evidence Code section 352 provides:  "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

8

1  . . . .

2    The People later proffered testimony from the 1981
3    victim (19 years old in 1981) to the effect that
     [Petitioner] had accosted her in her car, drove her in
     her car to Santa Cruz, raped her twice, forced oral
4    copulation on her, and tried to kill her.

Doc. No. 8-2, Ex. 6 at 7-8.

The trial court ruled that the prior sexual offense evidence was admissible under both sections 1108 and 1101, finding sufficient similarity on both the issue of propensity and of intent, motive and common scheme. Doc. No. 8-2, Ex. 6 at 8. The trial court also discounted Petitioner's claims that the prior crimes were too remote by noting his extended period of imprisonment between the prior offenses and the date of the present offense. Doc. No. 8-2, Ex. 6 at 8. The trial court also found no undue prejudice in admitting the evidence because of the court's decision to exclude evidence of the attempted killing of the 1981 victim and other aspects of the assault unrelated to the sexual offense. Doc. No. 8-2, Ex. 6 at 8.

The state appellate court upheld the trial court's decision, referring to its reliance on People v. Falsetta 21 Cal. 4th 903, 915 (1999), wherein the California Supreme Court found that section 1108, in permitting the introduction of propensity evidence in sexual offense cases, did not violate a defendant's right to due process. Doc. #8-2, Ex. 6 at 10-11.

The United States Supreme Court has not found that the introduction of propensity evidence offends the Due Process Clause; indeed, the high court has expressly left open that very question. Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991). Because it is an

1 open question, it is not clearly established federal law that the
2 admission of propensity evidence -- such as evidence that Petitioner
3 committed prior offenses similar to those he was accused of
4 committing in the present matter -- violates due process.  Further,
5 courts have "routinely allowed propensity evidence in sex-offense
6 cases, even while disallowing it in other criminal prosecutions."
7 United States v. LeMay, 260 F.3d 1018, 1025-26 (9th Cir. 2001)
8 (holding that Rule 414 of the Federal Rules of Evidence, which, like
9 California Evidence Code section 1108, allows admission of evidence
10 of prior sexual offenses to show a propensity to commit the charged
11 offense, does not violate due process because the evidence is still
12 subject to the trial court balancing the probative value of the
13 evidence versus its prejudicial effect, thereby adequately
14 safeguarding a defendant's right to a fair trial).

15     Because the Supreme Court has left open the question whether
16 the admission of propensity evidence violates due process,
17 Petitioner is not entitled to relief on his claim that the trial
18 court's admission of evidence of prior sexual offenses under
19 Evidence Code section 1108 was a violation of his right to due
20 process.  See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 412;
21 Estelle, 502 U.S. at 75 n.5; Larson v. Palmateer, 515 F.3d 1057,
22 1066 (9th Cir. 2008) (because Supreme Court expressly reserved the
23 question of whether using evidence of prior crimes to show
24 propensity for criminal activity could ever violate due process,
25 state court's rejection of claim was not unreasonable application of
26 clearly established federal law).  Accordingly, Petitioner's claim

on this particular ground is DENIED.[2]

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED.

Further, a Certificate of Appealability is DENIED. <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Petitioner may not appeal this Court's denial of a Certificate of Appealability but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of Court shall terminate all pending motions as moot, enter Judgment in accordance with this Order and close the file.

IT IS SO ORDERED.

Dated: 3/2/2011

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge

---

[2] The Court's denial of Petitioner's claim on the merits obviates the need to address Respondent's argument that the claim is unexhausted. <u>See</u> 28 U.S.C. § 2254(b)(2).

11